IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00001 ) |
| OFFICERS DOE #1-5, | ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

**Introductory Statement**

1. Pursuant to *Payton v. New York*, 445 U.S. 573, 603 (1980), and *Steagald v. United States*, 451 U.S. 204, 220-22 (1981), law enforcement officers may not rely on an arrest warrant—rather than a search warrant—to enter a dwelling unless they possess a reasonable belief (a) that the arrestee resides in the dwelling and (b) that the arrestee is present at the time of the entry.  Despite the clarity of this jurisprudence, several officers employed by the Richmond Police Department entered the home of Angela Robinson, without consent, based only on information that a friend of Ms. Robinson's then-boyfriend, against whom an arrest warrant had issued, occasionally stayed with them and without any reason to believe that he was present at the time.  These actions violate Ms. Robinson's rights under the Fourth Amendment.  Ms. Robinson is entitled to her damages, including punitive damages.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

1

4. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

5. Angela Robinson is an adult resident of Wayne County, Indiana.

6. Officers Doe #1-5 are five currently unidentified law enforcement officers who were, at all relevant times, employed by the Richmond Police Department. Their identities will be ascertained through the discovery process.

**Factual Allegations**

7. Throughout 2021, Angela Robinson and her then-boyfriend have lived alone in a single-family home located at 1316 Ridge Street in Richmond, Indiana.

8. According to the online docket available through mycase.in.gov, in April of 2021 two arrest warrants were issued for an individual named Allen Hartman, one for the failure to appear at an initial hearing and the other for violating a term or terms of his probation.

9. Mr. Hartman was a friend of Angela Robinson's then-boyfriend. In the past, he had stayed on occasion with Ms. Robinson and her then-boyfriend although, as of April of 2021, he had not stayed with them for several months.

10. On or about May 19, 2021—after the arrest warrant had issued for Mr. Hartman—Ms. Robinson and her then-boyfriend were approached by Officer Doe #1, a female officer, in the parking lot of a store near their home. At the time, two police cruisers were present in the parking lot. Ms. Robinson assumes that some or all of Officers Doe #2-5, all male officers, were also in the parking lot at the time, although she and her then-boyfriend interacted only with Officer Doe #1.

11. At the outset of this interaction, it became clear to Ms. Robinson and her then-boyfriend

      that Officer Doe #1 was seeking Mr. Hartman: while looking at Ms. Robinson's then-boyfriend, Officer Doe #1 stated, "You're not Allen." She then inquired as to whether Ms. Robinson and her then-boyfriend knew where Allen was. They informed her, truthfully, that, while Mr. Hartman stayed with them on occasion, they did not know where he was and had not seen him in some time.

12. Ms. Robinson and her then-boyfriend then departed the parking lot. They did not return immediately home, however, as they had an errand to run in Boston, Indiana.

13. Unbeknownst at the time to Ms. Robinson and her then-boyfriend, however, Officer Doe #1 and at least one or two of Officers Doe #2-5 drove directly from the parking lot to Ms. Robinson's residence at 1316 Ridge Street.

14. Shortly before 3:00pm on May 19th, Officer Doe #1 knocked on the front door of Ms. Robinson's residence. She knocked on at least three separate occasions over the course of more than a minute. There was no response to her knocks.

15. On the last occasion, either Officer Doe #1 pounded hard enough that the front door opened or else, simultaneous with her pounding on the door, she turned the door knob and it opened slightly. In any event, the door initially opened only an inch or two until Officer Doe #1 pushed the door wide open. She then radioed to other officers that the front door was "wide open" and instructed them to "come around front."

16. Officer Doe #1 then identified herself as a law enforcement officer and instructed anyone inside to "make yourself known."

17. For approximately seven and a half minutes, Officer Doe #1 stood at the entranceway to Ms. Robinson's residence with one foot inside of the house and the other foot outside of the house. During this period of time, she instructed Allen to make himself known and

further stated, "We are going to enter the house and make sure you're not here." Officer Doe #1 also noticed music playing inside of the house and she drew her firearm. There was no response from anyone inside of the house to any of her directives.

18. Despite the lack of a response from anyone inside of the house, Officer Doe #1 then entered the house. She was followed immediately by Officer Doe #2 and Officer Doe #3, both of whom had also drawn their firearms. Some time later, Officer Doe #4 and Officer Doe #5 also entered the residence.

19. Promptly after entering the residence, Officer Doe #1 discovered that the bathroom door was locked and could hear the shower running behind the locked door. She instructed the individual in the shower to get dressed or put on a towel and to come out of the bathroom. The individual—a friend named Scott who occasionally visited Ms. Robinson and her then-boyfriend and who had not heard the knocking at the front door or Officer Doe #1's directives because he was in the shower—emerged from the bathroom.

20. On information and belief, Officers Doe #1-5 were all familiar with the appearance of Mr. Hartman and, as soon as Scott emerged from the bathroom, became aware that he was not Mr. Hartman.

21. Officers Doe #1-5 nonetheless remained inside of Ms. Robinson's residence for more than fifteen minutes. During this period of time, they questioned Scott about Mr. Hartman's location, repeatedly threatened Scott with criminal charges, and searched every room in the residence. At the end of this period of time, when they had searched the entire residence and been unable to locate Mr. Hartman, Officers Doe #1-5 departed the scene.

22. On information and belief, at no point did Officers Doe #1-5 possess a search warrant authorizing them to enter or search the residence.

23. At no point were the entry of or search conducted by Officers Doe #1-5 justified by exigent circumstances or any other exception to the Fourth Amendment's warrant requirement.

24. At no point were the entry of or search conducted by Officers Doe #1-5 justified by the consent of any individual.

25. At no point did Officers Doe #1-5 have a reasonable belief that Mr. Hartman resided at the residence or that he was present at the time.

26. As a result of the actions of Officers Doe #1-5, Ms. Robinson has suffered damages, including emotional damages.

27. At all relevant times, Officers Doe #1-5 acted under color of state law.

28. Officers Doe #1-5 acted maliciously and with the willful and reckless disregard of Ms. Robinson's Fourth Amendment rights.

**Legal Claim**

29. The actions of Officers Doe #1-5 violated Ms. Robinson's rights under the Fourth Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff requests that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendants have violated the rights of the plaintiff for the reason described above.

3. Award the plaintiff her damages, including but not limited to nominal damages and punitive damages.

4. Award the plaintiff her costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

          Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org
spactor@aclu-in.org

*Attorneys for the plaintiff*